UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Forbes,                                               Civil No. 05-0506 (PAM/RLE)

            Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Lathers, Plasterers & Cabinet
Makers Insurance Trust,

            Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Plaintiff Anthony Forbes is an owner and employee of Forbes Auto Store, Inc. While attempting to operate a Forbes Auto Store tow truck on May 11, 2004, Plaintiff became tangled with the open door of the truck. As a result, Plaintiff fell to the ground and the front tire of the tow truck rolled over his chest and abdomen.

At the time of the accident, Plaintiff was a participant in Defendant Lathers, Plasters & Cabinet Makers Insurance Trust, a trust fund established pursuant to an Agreement and Declaration of Trust ("Trust Agreement"). The Trust Agreement effective during the relevant time period provides:

> Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters. They shall have full power to construe the provisions of this Agreement, the Fund's by-laws and regulations, and the provisions of the

>Plan Document. Any determination or construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the beneficiaries hereof.

(Lemke Aff. Ex. A § 5.18.)

The Summary Plan Description provides:

>The Trustees have the authority to interpret the Plan, all Plan Documents, rules and procedures. Their interpretation will be final and binding on all persons dealing with the Plan or claiming a benefit from the Plan. If a decision of the Trustees is challenged in court, it is the intention of the Trustees that such decisions are to be upheld unless it is determined to be arbitrary or capricious.
>
>The Trustees have the authority to change the eligibility rules and other provisions of the Plan, to amend, increase, decrease or eliminate benefits, and to terminate the Plan, in whole or in part. All benefits of the Plan are conditional and subject to the Trustees' authority to change or terminate them.

(Id. Ex. B at 99.)

The Conditions, Limitations and Exclusion Section of the Summary Plan Description contains two exclusions for work-related injuries. The first states:

>No payment will be made under this Benefit Plan for any loss, expense, or charge . . . [i]ncurred as the result of any accidental bodily Injury, Sickness, disease, mental or nervous disorder sustained while the individual was performing any act of employment or doing anything pertaining to any occupation or employment for remuneration or profit.

(Id. at 64.) The second provides:

>No payment will be made under this Benefit Plan for any . . . charges or losses which are: (a) covered under any workers' compensation law or similar law; or (b) for which coverage was required to have been provided under this law even if it was not actually provided; or (c) for which coverage could have been elected under this law even it was not actually elected by the person who could have done so (even if that person was not the covered individual; or (d) otherwise arose out of or in the course of any occupation, employment or activity for wage or profit.

2

(Id. at 64.)

Following the accident, Plaintiff submitted medical claims to Defendant for payment. Defendant denied the claims pursuant to the exclusion for work-related injuries. After exhausting his administrative remedies, Plaintiff filed this action. Defendant now moves for summary judgment.

**DISCUSSION**

**A.     Standard of Review**

Summary judgment is proper when the evidence viewed in a light most favorable to the nonmoving party demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, only disputes of facts that might affect the outcome of the suit under the governing substantive law will preclude summary judgment. Id. The moving party bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to all inferences that may be reasonably drawn from the underlying facts in the record. Meriwether v. Caraustar Packaging Co., 326 F.3d 990, 992-93 (8th Cir. 2003). However, the nonmoving party may not merely rest upon allegations or denials in its pleadings — it must set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256.

**B.     Claim Denial**

Defendant maintains that the Trustees did not abuse their discretion in excluding Plaintiff's claims. The Court applies a deferential standard of review if a plan reserves discretionary authority to the plan administrator. Parkman v. Prudential Ins. Co. of Am., 439 F.3d 767, 772 (8th Cir. 2006) (citations omitted). "A plan gives the administrator or fiduciary discretionary authority if it contains explicit discretion-granting language." Id.

The Trust Agreement delegated to the Trustees discretionary authority to interpret and construe the terms of the Plan. The Trust Agreement also delegated the authority to determine all benefits and to resolve all questions arising from the claims administration, interpretation, and application of the Trust Agreement's provisions. This authority included determinations as to whether a claimant is eligible for benefits. Because the Trust Agreement contains express language granting discretionary authority to the Trustees, the Court applies an abuse of discretion standard of review.

If the Trustees provide a reasonable explanation for their decision, supported by substantial evidence, the Court will not disturb their decision. Id. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 772-73 (citation omitted). A discretionary decision is not unreasonable merely because "a different, reasonable interpretation could have been made." Id. at 773.

The express terms of the Summary Plan Description exclude Plaintiff's claims from coverage. Plaintiff's injuries arose out of his occupation or employment. The Trustees therefore reasonably determined that the accident giving rise to the claims were excluded

under the provisions contained in the Summary Plan Description. Accordingly, the Trustees did not abuse their discretion in denying Plaintiff's claims.

In an attempt to survive summary judgment, Plaintiff advances three arguments. First, he submits that ERISA may not cover the Trust and that state subrogation law may apply. Specifically, he argues that a question of fact remains as to whether the Trust is self-funded. However, he presents no evidence to support his position. Indeed, undisputed evidence shows that the Trust meets the definition of an ERISA welfare plan under 29 U.S.C. § 1002(1) and that the Trust is self-insured and funded by employer contributions.

Second, Plaintiff argues that the plan "possibly" has "vestiges of" a Multiple Employer Welfare Arrangement ("MEWA"). A MEWA is an:

> Employee welfare benefit plan, or any other arrangement (other than an employee welfare benefit plan), which is established or maintained for the purpose of offering or providing any benefit described in paragraph (1) to the employees of two or more employers (including one or more self-employed individuals), or to their beneficiaries.

29 U.S.C. § 1002(40)(A). However, MEWAs do not include plans established or maintained pursuant to a collective bargaining agreement. Id. Because the Trust is funded by contributions from employers bound by a collective bargaining agreement, Plaintiff's argument fails.

Finally, Plaintiff advances an equity argument, maintaining that he assumed that Defendant would cover the claims relating to his accident because it covered other claims in the past. The Court empathizes with Plaintiff but cannot ignore the plain language of the Summary Plan Description, which clearly sets forth exclusions that apply in this case.

**C.     Fees and Costs**

Defendant seeks an award of its fees and costs incurred in this action. ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." See 28 U.S.C. § 1132(g)(1). Defendant may bring a motion on this issue pursuant to District of Minnesota Local Rule 54.3.

**CONCLUSION**

Because the claims at issue arose out of Plaintiff's employment, the Trustees did not abuse their discretion in denying the claims. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Docket No. 9) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 21, 2006                         s/ Paul A. Maguson
                                                                             Paul A. Magnuson
                                                                             United States District Court Judge